**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JUL 31 2018

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; STATE FARM FIRE AND CASUALTY COMPANY, foreign insurers, | No. 17-35313 |
| | D.C. No. 3:16-cv-05242-BHS |
| Plaintiffs - Appellees, | MEMORANDUM* |
| v. | |
| SHELBIE FROUNFELTER, a single person, | |
| Defendant, | |
| and | |
| SERGIO MORELOS, individually and the marital community comprised thereof; ROSA MORELOS, as administratrix of the Estate of M. Rosario Chacon-Cisneros, | |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted July 13, 2018
Seattle, Washington

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: CLIFTON and NGUYEN, Circuit Judges, and BATTAGLIA,[**] District Judge.

Sergio Morelos and Rosa Morelos (the "Morelos") appeal the district court's orders granting summary judgment in favor of State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (individually and collectively, "State Farm"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. We review a district court's summary judgment orders de novo, considering the evidence in the light most favorable to the non-moving party. *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014). "Summary judgment is appropriate where 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)).

2. The district court did not err in granting summary judgment in favor of State Farm on the issue of coverage. The Morelos claim coverage under two insurance policies issued to Defendant Shelbie Frounfelter's father, Michael Webb. But Webb's policies define "insured" as persons or relatives who "reside primarily" with the named insured or whose "primary residence" is with the named insured. It is undisputed that Frounfelter primarily lived with her mother, Lisa

---

[**] The Honorable Anthony J. Battaglia, United States District Judge for the Southern District of California, sitting by designation.

Siler, at the time of the accident giving rise to the Morelos' claims.  Therefore, the district court did not err in concluding that Frounfelter was not an insured under Webb's policies.

3.   The Morelos cite no authorities supporting their claim that the district court's reading of the term "insured" in Webb's policies violates Washington public policy.  "In general, a contract which is not prohibited by statute, condemned by judicial decision, or contrary to the public morals contravenes no principle of public policy."  *State Farm Gen. Ins. Co. v. Emerson*, 102 Wash. 2d 477, 481 (1984) (citation omitted).  The cases the Morelos cite reflect a different public policy: "full compensation for innocent victims of automobile accidents." *Safeco Ins. Co. of Ill. v. Automobile Club Ins. Co.*, 108 Wash. App. 468, 475 (2001).  But Frounfelter was not an innocent victim of an automobile accident.  Rather, a jury found that she acted negligently in causing the Morelos' harm.

4.   Finally, the district court did not err in granting summary judgment on the Morelos' bad faith claim.  Even if State Farm breached a duty of good faith and fair dealing to Frounfelter by failing to produce Webb's policies in pre-litigation negotiations, there is no evidence that the breach resulted in any harm.  "[A] showing of harm is an essential element of an action for bad faith handling of an insurance claim."  *Safeco Ins. Co. of Am. v. Butler*, 118 Wash. 2d 383, 389 (1992).

3

Without a showing of harm, the Morelos' bad faith claim fails.[1]

**AFFIRMED.**

---

[1] The Morelos argue that "there is a presumption of harm once an insured establishes that the insurer acted in bad faith." *Werlinger v. Calrendon Nat'l Ins. Co.*, 129 Wash. App. 804, 809–10 (2005) (citing *Butler*, 118 Wash. 2d at 391). But this presumption is rebuttable. *Id.* Because the case continued to a jury verdict even after Webb's policies were disclosed a few weeks after the lawsuit was filed, and there is no reason to assume things might have proceeded differently with earlier disclosure, the facts demonstrate that no harm resulted from the lack of disclosure.